**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MICHAEL JAMES LUTHER | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. CCB-07-1318 |
| | * | Consol. Cases Nos. CCB-07-1319, |
| THE STATE OF MARYLAND | * | 1320, 1321. |
| Defendant | * | |

oOo

**MEMORANDUM**

Before the court are four separate pro se civil rights complaints filed by Michael Luther. The claims raised against defendants: State of Maryland; Administrative Judge Michael Galloway; Associate Judge J. Barry Hughes; and Associate Judge Thomas F. Stanfield, all sitting on the Carroll County Circuit Court in Maryland, are essentially identical and arise out of allegations pertaining to plaintiff's criminal cases before that court in 2004.[1] In the interest of judicial economy, the cases will be consolidated. Additionally, this court will grant plaintiff's motion to proceed in forma pauperis. For the reasons that follow, the court will dismiss the consolidated complaints.

**I. Claims Presented**

Plaintiff claims the State of Maryland and Judges Galloway, Hughes and Stanfield wrongfully violated his right to due process in connection with his criminal cases. Specifically, he alleges that defendants denied him a speedy trial and a jury trial scheduled for March 17, 2005. Further, plaintiff faults defendants for sentencing him to ten years incarceration, all suspended, with three years supervised release and fifty hours of community service. He claims the convictions amounted to slander, and resulted from defendants' gross negligence.[2] As relief, plaintiff seeks

---

[1] Cases No. 2004-32503 and 0224-32574.

[2] *See Luther v. State of Maryland,* Civil Action No. CCB-07-1318, ¶¶ 8, 16, 33 & 37; *Luther v. Hughes*, Civil Action No. CCB-07-1319, Complaint, ¶¶ 8, 10, 16 30, 33 & 34; *Luther v. Stansfield*, Civil Action No. CCB-07-1320, Complaint ¶¶ 8, 14, 16, 17, 23 & 29; *Luther v. Galloway*, Case No. CCB-07-1321, Complaint, ¶¶ 8, 10, 16, 33 & 36-37.

compensatory and punitive damages.

## II. Standard of Review

This court is required by 28 U.S.C. §1915(e)(2)(A)(ii) &(iii) to screen complaints in which the plaintiff is proceeding in forma pauperis. The statute requires dismissal of a complaint which fails to state a claim on which relief may be granted or is filed against a defendant who is immune from such relief. *See id.* In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

## III. Discussion

### A. Judicial Immunity

Judges acting in their judicial capacity are entitled to immunity from suit under the doctrine of judicial immunity. *See Mireless v. Waco*, 502 U.S. 9, 9-10 (1991); *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992). This principle allows judges to perform their duties without concern that they will be subject to vexatious litigation. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judges are immune from liability for their judicial acts unless done in the clear absence of all jurisdiction. *See Stump v. Sparkman,* 435 U.S. 349, 356 (1987); *Chu v. Griffith*, 771 F.2d 79 (4th Cir. 1985). Judicial immunity can be surmounted only for actions not taken in a judicial capacity, *see Pierson,* 386 U.S. at 554, or for actions taken in a complete absence of all jurisdiction. *See Mireless*, 502 U.S. at 11-12. In this context, the court will now examine plaintiff's claims against the judges.

Plaintiff takes issue with judicial decisions made by Judges Galloway, Hughes, and Stansfield in cases in which he was the criminal defendant. Plaintiff neither alleges that they acted beyond the scope of their judicial authority nor that decisions were made in the absence of jurisdiction. Indeed, the decisions and statements about which plaintiff complains are precisely those which judges routinely make during the course of judicial proceedings. Although plaintiff may disagree with the decisions rendered in his criminal cases, he alleges no facts to demonstrate an

2

infringement of his constitutional rights. [3]

### B. State Immunity

The Eleventh Amendment to the Constitution bars suits against the State unless the State has waived that immunity or Congress has exercised its power to abrogate the State's immunity. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98 (1989). "[U]nder the Eleventh Amendment to the United States Constitution, a state... is immune from suits in federal court brought by its citizens or the citizen of another state unless it consents." *Dixon v. Baltimore City Police Department*, 345 F. Supp. 2d. 512, 513 (D. Md. 2003). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code, Ann., State Gov't §12-101, *et seq,* it has not waived its Eleventh Amendment Immunity to suit in federal court. Consequently, plaintiff's claim against the State of Maryland is barred by the Eleventh Amendment, and will be dismissed.

### III. Conclusion

For these reasons, the court will dismiss the consolidated complaints pursuant to 28 U.S.C. §1915(e)(2)(A)(ii) &(iii). A separate order follows.

  May 30, 2007                                        /s/
Date                                          Catherine C. Blake
                                              United States District Judge

---

[3]To the extent plaintiff seeks to overturn his convictions based on specific violations of his constitutional rights, he may seek federal habeas corpus relief after first exhausting all available state court remedies.